**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIET ARVAKHI, an individual, | No.    15-56923 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02816-CAS-E |
| v. | |
| CRAIG CLEMMENSEN, Acting Secretary, United States Department of Housing and Urban Development,[*] | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 14, 2017[***]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Juliet Arvakhi appeals pro se from the district court's summary judgment in

---

[*]    Craig Clemmensen has been substituted for his predecessor, Julian Castro, as Secretary of Housing and Urban Development under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her Title VII action alleging hostile work environment and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Arvakhi's hostile work environment claim because Arvakhi failed to raise a genuine dispute of material fact as to whether defendant's alleged conduct was severe or pervasive enough to alter the conditions of her employment. *See Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (elements of a Title VII hostile work environment claim).

The district court properly granted summary judgment on Arvakhi's retaliation claim because Arvakhi failed to raise a genuine dispute of material fact as to whether she suffered an adverse action as a result of engaging in protected activity. *See Vasquez*, 349 F.3d at 646 (elements of a Title VII retaliation claim).

**AFFIRMED.**